**Glenn M. GREENWALD, Petitioner,**

v.

**The CITY OF NORTH MIAMI BEACH, FLORIDA, and the United States Department of Labor, Respondents.**

No. 78–1945
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Leopold & Leopold, Karen Leopold, Maurice Rosen, North Miami Beach, Fla., for petitioner.

Carin A. Clauss, Sol. of Labor, U.S. Dept. of Labor, Barbara A. Babcock, Asst. Atty. Gen., Michael F. Hertz, Thomas G. Wilson, Attys., App. Section, Civil Div., Dept. of Justice, Washington, D.C., Howard B. Lenard, Deputy City Atty., Sidney B. Shapiro, City Atty., N. Miami Beach, Fla., for respondents.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM.

The crucial issue in this case is whether or not the petitioner, Glenn M. Greenwald, timely filed his complaint with reference to his discharge as an employee of the City of North Miami Beach, in which he alleged that he had been discharged in violation of the Safe Drinking Water Act (the Act), 42 U.S.C. §§ 300f to 300j–10.[1]

---

1. Section 1450(i) of the Act, 42 U.S.C. § 300j–9(i)(1) provides:

No employer may discharge any employee or otherwise discriminate against any employee with respect to his compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to a request of the employee) has—

   (A) commenced, caused to be commenced, or is about to commence or cause to be commenced a proceeding under this subchapter or a proceeding for the administration or enforcement of drinking water regulations or underground injection control programs of a State,

   (B) testified or is about to testify in any such proceeding, or

   (C) assisted or participated or is about to assist or participate in any manner in such a proceeding or in any other action to carry out the purposes of this subchapter.

The Administrative Law Judge held that the complaint had not been filed within the time required by law. The Secretary of Labor agreed and dismissed the complaint. Mr. Greenwald petitioned this Court for review.

We agree with the findings of fact and conclusions of law of the Administrative Law Judge, as affirmed by the Secretary, and dismiss the petition for review.

The Act provides that any employee who believes that he has been discharged in violation of the Act may file a complaint with the Secretary of Labor within 30 days after the violation occurs.[2] In this case, Mr. Greenwald was discharged on August 26, 1977, but did not file a complaint with the Secretary of Labor until 115 days later, on December 21, 1977. To be sure, this was only 20 days after the local Civil Service Board upheld the action of the City Manager in terminating Greenwald's employment. But the Act does not require the exhaustion of state or local remedies prior to the filing of a complaint with the Secretary. Moreover, the remedy provided by the Act is entirely independent of any local remedies. Thus, the fact that Greenwald sought local Civil Service Board review of his discharge did not toll the 30-day time limitation for filing a claim under the Act. *See also International Union of Electrical, Radio & Machine Workers v. Robbins & Myers, Inc.,* 1976, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (pursuit of collective bargaining grievance procedures does not toll running of the limitations period within which complaint of racial discrimination must be filed with the EEOC, as Title VII remedies are independent of other pre-existing remedies available to an aggrieved employee).

PETITION DISMISSED.

2. 42 U.S.C. § 300j–9(i)(2) provides as follows:

(2)(A) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of paragraph (1) may, within 30 days after such violation occurs, file (or have any person file on his behalf) a complaint with the Secretary of Labor (hereinafter in this subsection referred to as the "Secretary") alleging such discharge or discrimination. Upon receipt of such a complaint, the Secretary shall notify the person named in the complaint of the filing of the complaint.

(B)(i) Upon receipt of a complaint filed under subparagraph (A), the Secretary shall conduct an investigation of the violation alleged in the complaint. Within 30 days of the receipt of such complaint, the Secretary shall complete such investigation and shall notify in writing the complainant (and any person acting in his behalf) and the person alleged to have committed such violation of the results of the investigation conducted pursuant to this subparagraph. Within 90 days of the receipt of such complaint the Secretary shall, unless the proceeding on the complaint is terminated by the Secretary on the basis of a settlement entered into by the Secretary and the person alleged to have committed such violation, issue an order ei-ther providing the relief prescribed by clause (ii) or denying the complaint. An order of the Secretary shall be made on the record after notice and opportunity for agency hearing. The Secretary may not enter into a settlement terminating a proceeding on a complaint without the participation and consent of the complainant.

(ii) If in response to a complaint filed under subparagraph (A) the Secretary determines that a violation of paragraph (1) has occurred, the Secretary shall order (I) the person who committed such violation to take affirmative action to abate the violation, (II) such person to reinstate the complainant to his former position together with the compensation (including back pay), terms, conditions, and privileges of his employment, (III) compensatory damages, and (IV) where appropriate, exemplary damages. If such an order is issued, the Secretary, at the request of the complainant, shall assess against the person against whom the order is issued a sum equal to the aggregate amount of all costs and expenses (including attorneys' fees) reasonably incurred, as determined by the Secretary, by the complainant for, or in connection with, the bringing of the complaint upon which the order was issued.